## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BILLINGS DIVISION

| | | |
|---|---|---|
| DENITA CARMAN, | ) | CV 12-77-BLG-RFC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING |
| | ) | MOTION TO REMAND |
| | ) | |
| THE BURLINGTON NORTHEN & | ) | |
| SANTA FE RAILWAY COMPANY, | ) | |
| a Delaware Corporation, TRENT KALE | ) | |
| and DOUG SCHUCH, | ) | |
| | ) | |
| Defendants. | ) | |

_____

## I.    INTRODUCTION

Plaintiff Denita Carman brings this action against her employer, Defendant

BNSF Railway Company, and two of its employees, alleging a hostile work

environment, in violation of Mont. Code Ann. § 39-2-703.  Although Carman

initially filed in Montana's Thirteenth Judicial District Court, Yellowstone

County, Defendants removed to this Court claiming diversity of citizenship

because Defendants Trent Kale and Doug Schuch were fraudulently joined.

Pending before the Court are Defendants' Motion to Dismiss Kale and Schuch

1

(doc. 2) and Carman's Motion to Remand (doc. 9).  Resolution of these motions

depend on whether Carman alleges plausible claims against Kale and Schuch.

Since she does allege plausible claims, Carman's Motion to Remand must be

granted and Defendants' Motion to Dismiss will be denied.

## II.   ANALYSIS

The removal in this case was proper if there was complete diversity of

citizenship–that is, if each of the plaintiffs is a citizen of a different state than each

of the defendants.  28 U.S.C. § 1332; *Morris v. Princess Cruises, Inc.*, 236 F.3d

1061, 1067 (9th Cir. 2001).  In considering whether there is complete diversity,

however, courts ignore defendants who were fraudulently joined solely to defeat

diversity jurisdiction.  *Morris*, 236 F.3d at 1067.  A defendant is fraudulently

joined if the claim against that defendant would not survive a Fed.R.Civ.P.

12(b)(6) motion to dismiss: "[j]oinder of a non-diverse defendant is deemed

fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of

determining diversity, if the plaintiff fails to state a cause of action against a

resident defendant, and the failure is obvious according to the settled rules of the

state."  *Id.* (internal quotations omitted).

A claim is subject to dismissal under Rule 12(b)(6) Fed.R.Civ.P. if it lacks a

cognizable legal theory or if it fails to plead sufficient facts to state a claim for

relief that is plausible on its face. *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008). A facially plausible complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Plausible does not mean probable, but there must be more than a "sheer possibility" of unlawful action on the part of defendant. *Id.*

Finally, since the question of whether Plaintiffs have alleged a plausible cause of action arises in the context of removal and remand, it must be noted that the removal statute is strictly construed and defendants must overcome the presumption against removal. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009), *citing Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). Any doubt about the right of removal requires remand. *Id.* This is because the theme underlying diversity jurisdiction, one of "jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of business that intrinsically belongs to the state courts in order to keep them free for their distinctive federal business," is especially applicable in the context of removal and remand. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (internal quotations omitted).

Carman's only cause of action falls under Mont. Code Ann. § 39-2-703,

which provides in relevant part:

> (1) A person or corporation operating a railway or railroad in this state is liable for all damages sustained by any employee of the person or corporation in consequence of the neglect of any other employee of the person or corporation or by the mismanagement of any other employee and in consequence of the willful wrongs, whether of commission or omission, of any other employee of the person or corporation when the neglect, mismanagement, or wrongs are in any manner connected with the use and operation of a railway or railroad on or about which the employee is employed. A contract that restricts the liability is not legal or binding.

Mont. Code. § 39-2-703(1).  The Complaint alleges that Carman, a conductor for BNSF, was subjected to a hostile work environment, primarily through the actions of BNSF engineer Ross Ceynar, who Carman alleges verbally abused and threatened her.  The abuse and threats allegedly caused Carman to refrain from bidding jobs of her choice and to miss work or lay off when she would be required to work with Ceynar.  Carman also seeks damages for emotional distress.

As to Defendants Kale and Schuch, Carman alleges they fostered the hostile work environment by negligently or willfully mismanaging Ceynar and failing to take corrective action against him.  Complaint, doc. 6, ¶¶ 29-30, 35-36. Specifically, Carman alleges that Kale, a BNSF Trainmaster, arranged a meeting with Ceynar and Carman in 2009 to try and resolve the issues.  *Id.,* at ¶ 10.  At the meeting, Carman detailed Ceynar's verbal abuse and intimidation.  *Id.,* at ¶ 11.

Kale nonetheless told Carman she had to keep working with Ceynar, that she needed to work out her differences with Ceynar, and that she should "stay under the radar." *Id.,* at ¶ 12.  Although Carman did not work with Ceynar much over the next couple years, the abuse continued when they did work together.  Carman alleges that in March or April of 2012, Kale heard Ceynar threaten another female employee and that he did nothing about it.  *Id.,* at ¶ 21.

Similarly, Carman alleges that she wrote a letter to Schuch on May 4, 2012 advising him of the facts underlying this suit.  *Id.,* at ¶ 24.  Schuch scheduled a meeting to May 22, 2012 between himself, Carman, and BNSF Trainmaster Chris Sanford.  *Id.,*  at ¶¶ 25-26.  At the meeting Schuch told Carman that without written statements from other BNSF employees there was not enough evidence to investigate Ceynar, that she had to work with Ceynar, and that any attempts at laying off would be denied. *Id.,* at ¶¶ 27-28.

The Court first considers whether § 39-2-703 imposes personal liability on the employees of railroads, rather than just the railroads themselves.  Defendants argue Carman does not allege a legally cognizable claim because the statute, as the title implies, deals only with the "Liability of railway corporation for negligence of fellow servants."  Carman, on the other hand, argues the plain language of the statute imposes liability on "persons … operating a railway or railroad," and that

since it is admitted that Kale and Schuch are supervisory employees of BNSF–Kale is a "Trainmaster" and Schuch is "Manager of Human Resources"–they operate a railway and are subject to personal liability under the statute.

There are not many cases applying § 39-2-703, and no recent cases addressing whether employees of railways can be liable as  "persons … operating a railway."  But the word "person" would be mere surplusage if the statute was read to only impose liability on the railway.  And it is well-established canon of statutory interpretation that courts must presume that each word in a statute has a particular and intended significance.  *Chickasaw Nation v. United States*, 534 U.S. 84, 95 (2001).  Morever, although the heading of the statute is "Liability of railway corporation for negligence of fellow servants," the text of the statute takes precedence over the title in matters of statutory interpretation.  *Orozco v. Day,* 934 P.2d 1009, 1013 (Mont. 1997).

Further, the Montana Supreme Court has affirmed the imposition of personal liability on railroad supervisors under § 39-2-703, as it was codified in 1910.  *Moyse v. Northern Pac. Ry. Co.,* 108 P.2d 1062, 1068 (Mont. 1910)(applying Rev. Code, § 5251).  In *Moyse,* the plaintiff alleged the yard foreman was personally negligent under the precursor statute for failing to secure

rail cars that broke loose and crashed into the caboose the plaintiff was sleeping

in. *Id.* at 1064-65.   The Court expressly noted that "[f]or this lapse of duty the

defendant company is liable, as is also the defendant [yard foreman]; for, for the

time being, he stood in the place of the company, and it was his personal duty to

see that the proper precautions were observed." *Id.* at 1068. *Moyse* is therefore

consistent with the plain language of the statute.   Accordingly, the Court

concludes that supervisory employees of railroads can be personally liable under §

39-2-703, even though § 39-2-701(1) requires that the railroad indemnify the

employee for losses incurred during the lawful discharge of work-related duties.

     Having so concluded, the Court need not consider Defendants argument that

Montana law does not allow corporate employees to be held individually liable for

acts taken in the course and scope of their employment.   This is an issue that has

been raised in this Court numerous times with the Court always ruling in favor of

remand.   *See e.g., Castro v. ExxonMobil Oil Corp.,* 2012 WL 523635 (D.Mont.

Feb. 16, 2012); *McCarthy v. Northwestern Energy*, doc.9, CV–09–29–BU–RFC

(D. Mont. June 17, 2009); *Christian v. BP Amoco Corp.,* CV-08-45-BU-RFC

(Dec. 9, 2008)*; Anderson v. BNSF Railway Co.*, CV 08-14-H-DWM (May 21,

2008); and *Caven v. BNSF Railway Co.*, CV-04-41-GF-SEH (September 22,

2004).   At this point in the proceeding, Carman is not required to prove that Kale

and Schuch are personally liable.  Rather, she must merely allege claims that are plausible on their face.  She has done so.

**III.**   **CONCLUSION**

For those reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (doc. 2) is **DENIED** and Plaintiff's Motion to Remand (doc. 9) is **GRANTED**.

The Clerk of Court is directed to remand this Case to Montana's Thirteenth Judicial District, Yellowstone County.

Dated this 7th day of November, 2012.

/s/ Richard F. Cebull_____
Richard F. Cebull
United States District Judge